# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

May 25, 2017

## LETTER OPINION & ORDER

Re: [D.E. 35]
Dykeman v. McGill, et al.
Civil Action No. 14-cv-005411 (SDW)(SCM)

Dear Litigants:

Before this Court is an informal motion by Plaintiff William Dykeman to serve eight written deposition question upon non-party State of New Jersey Department of Corrections Administrator.[1] The State Defendants have not taken a position with regard to the motion.[2] The Court has reviewed the parties' respective submissions and decided the motion without oral argument. For the reasons set forth herein, Mr. Dykeman is granted leave to subpoena the State for answers to the written deposition questions.

Mr. Dykeman has moved to serve eight written deposition questions upon non-party State of New Jersey Department of Corrections Administrator. Rule 31 depositions by written questions are an "alternative means of discovery" for litigants who cannot afford the burden or expense

---

[1] (ECF Docket Entry No. ("D.E.") 35). Mr. Dykeman also discusses filing a motion to amend his pleading, but he indicates that he would like to do this in the future after he obtains the instant discovery. Because such a motion has not yet been filed, the Court will not rule on this potential future motion to amend at this time.

[2] (D.E. 36).

associated with oral depositions.[3] Defendants have not opposed this request. The Court will grant leave for Mr. Dykeman to have the eight written deposition questions served.

Considering that the State is not a party to this case, Mr. Dykeman will have to compel the discovery by subpoena. *Pro se* parties cannot, however, issue subpoenas. Only attorneys and the Clerk of the Court may issue subpoenas.[4] Therefore, Mr. Dykeman must obtain a subpoena from the Clerk of the Court for the New Jersey Department of Corrections Administrator to answer the eight written deposition questions set forth in Docket Entry 34-2.

Mr. Dykeman must then have the subpoena served in accordance with Federal Rule of Civil Procedure 45(b). Once served, the deputy attorney general assigned will certify the deposition, serve the answers upon Mr. Dykeman and file the answers on the docket in this matter.[5]

An appropriate Order follows.

## ORDER

**IT IS** on this Thursday, May 25, 2017,

1. **ORDERED**, that discovery is closed with the exception that Plaintiff William Dykeman is **granted** leave to serve the eight written deposition questions set forth in D.E. 34-2 upon non-party State of New Jersey Department of Corrections Administrator care of Mr. M. Viera, Litigation Liaison at 168 Frontage Road, Newark, New Jersey; and it is further

---

[3] 7 Moore's Federal Practice – Civil § 31.02 (2015); *see Oxford Indus., Inc. v. Luminco, Inc.*, 1990 U.S. Dist. LEXIS 15685, at *4 (E.D. Pa. Nov. 19, 1990).

[4] *See* Fed. R. Civ. P. 45(a)(3).

[5] Fed. R. Civ. P. 28(a)(1)(A), 29, and 31(b).

2. **ORDERED**, that the Clerk of the Court shall mail to Mr. Dykeman a subpoena form for Mr. Dykeman to fill out and serve pursuant to Federal Rule of Civil Procedure 45 within 21 days of receiving the subpoena; and it is further

3. **ORDERED**, that the Clerk of the Court shall mail a copy of this Order to Mr. Dykeman.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/25/2017 9:54:17 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

William Dykeman
532687 / 792261C
South Woods State Prison
215 S. Burlington RD
Bridgeton, NJ 08302