UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
STEVEN C. MANNION
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 2064
NEWARK, NJ 07101
973-645-3827

August 22, 2017

## LETTER ORDER-OPINION

Re:   D.E. 42, Application for Appointment of Pro Bono Counsel
William Dykeman v. McGill, et al.
Civil Action No. 14-cv-5411 (SDW)(SCM)

Dear Litigants:

This matter comes before the Court upon review of Plaintiff William Dykeman's ("Mr. Dykeman") Application for Appointment of *Pro Bono* Counsel.[1] The Court has reviewed Mr. Dykeman's Application and for the reasons set forth herein it is **denied**.

District courts are granted broad discretion to appoint attorneys to represent indigent civil litigants,[2] but civil litigants possess neither a constitutional nor a statutory right to appointed counsel.[3] Moreover, though Congress has empowered district courts to "request" counsel for civil litigants, courts cannot "require" an unwilling attorney to serve as counsel.[4]

This Court must therefore "take note of the significant practical restraints on the district courts' ability to appoint counsel: . . . the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation."[5]

When evaluating a request for the appointment of *pro bono* counsel, a district court should first

---

[1] (ECF Docket Entry No. ("D.E.") 42).

[2] 28 U.S.C. § 1915 (d), (e)(1),

[3] *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-67 (3d Cir. 1997)).

[4] *Id.* (citing 28 U.S.C. § 1915 (e)(1)); *see also Christy v. Robinson*, 216 F. Supp. 2d 398, 406 n. 16 (D.N.J. 2002) (citing *Mallard v. United States Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 301-02 (1989)).

[5] *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).

determine whether the plaintiff's claim "has arguable merit in fact and law."[6]

The Third Circuit has articulated an analytical framework that district courts must use in exercising their discretion.[7] The analysis begins with a threshold assessment of the merits of the case.[8]

If the court first finds "some arguable merit in fact and law," then it must go on to weigh a series of considerations known as the *Tabron* post-threshold factors.[9] These factors include: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues involved; (3) the extent of factual discovery and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel on his or her own behalf.[10]

For the purpose of evaluating these threshold factors, the Court assumes "solely for the purpose of this Application" that Mr. Dykeman's case has "some arguable merit in fact and law."[11] The Court, however, need not undertake a detailed analysis of this point because application of the *Tabron* post-threshold factors overall weighs against appointment of *pro bono* counsel at this time.

1. Mr. Dykeman's Ability to Present His Case

The first factor has been identified as "perhaps the most significant."[12] For this factor the Court considers Mr. Dykeman's "education, literacy, prior work experience, and prior litigation experience...."[13] As additional guidance, the Third Circuit has noted that courts should consider Mr. Dykeman's ability to present his case "[i]n conjunction with . . . the difficulty of the particular legal issues."[14]

---

[6] *Id.* at 155.

[7] *See Montgomery v. Pinchak*, 294 F.3d 492 (3d Cir. 2002); *Parham v. Johnson*, 126 F.3d 454 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).

[8] *Montgomery*, 294 F.3d at 498-99 (citing *Tabron*, 6 F.3d at 155; *Parham*, 126 F.3d at 457).

[9] *Id.* at 499.

[10] *Tabron*, 6 F.3d at 156; see also *Parham*, 126 F.3d at 461.

[11] *Montgomery*, 294 F.3d at 499.

[12] *Id.* at 501.

[13] *Id.* (internal citations omitted) (citing *Tabron*, 6 F.3d at 156).

[14] *Tabron*, 6 F.3d at 156; *see also Montgomery*, 294 F.3d at 502.

Mr. Dykeman contends that he requires *pro bono* counsel because as an incarcerated person, he lacks access to legal resources and property.[15] However, his numerous filings with the Court thus far reflect literacy and a general understanding of the litigation process. For example, without the aid of counsel, Mr. Dykeman has represented himself in two civil proceedings in this District while incarcerated.[16]

Mr. Dykeman's lack of formal legal training and limited access to the telephone and internet, without more, are not sufficient grounds to warrant the appointment of counsel.[17] Mr. Dykeman acknowledges a "significant formal education" and appears literate.[18] He has filed multiple letter briefs, motions, and entries with the Court.[19] In each item, he has cited applicable statutes and case law.[20] Accordingly, it does not appear that Mr. Dykeman's ability to pursue his claims and present his case has been significantly impeded by his professed limitations. For the foregoing reasons, the first *Tabron* factor weighs against appointment.

2. The Legal Complexity of the Case

The second *Tabron* factor concerns the complexity of the particular legal issues. The Court has determined that Mr. Dykeman, an inmate, has pled constitutional violations against McGill, et al. based on use of excessive force under the color of state law.[21] The legal issues implicated by Mr. Dykeman's complaint would relate to standard civil rights allegations made by inmates. At the present time, the Court does not find that the legal issues in this action are particularly complex. Therefore, the second *Tabron* factor also weighs against appointment.

3. The Degree to Which Factual Investigation Will be Necessary

The third *Tabron* factor is the degree to which factual investigation will be necessary and Mr.

---

[15] (D.E. 42).

[16] *See Dykeman v. McGill, et al.*, No. 2:14-cv-05411-SDW-SCM (D.N.J. Filed Aug. 28, 2014); *Dykeman v. New Jersey*, No. 2:09-cv-SDW (D.N.J. Filed Aug. 17, 2009).

[17] *See, e.g., Hooks v. Schultz*, No. 07-5627, 2010 WL 415316, at *1 n.2 (D.N.J. Jan. 29, 2010) (noting that a formal lack of legal training alone is not sufficient grounds for the appointment of counsel as "it is a limitation held in common by most pro se parties") (citation omitted).

[18] (D.E. 42).

[19] (D.E. 2); (D.E. 4) ; (D.E. 5) ; (D.E. 6) ; (D.E. 11) ; (D.E. 18) ; (D.E. 19) ; (D.E. 26) ; (D.E. 30) ; (D.E. 34) ; (D.E. 38) ; (D.E. 40) ; (D.E. 41) ; (D.E. 42).

[20] *Id.*

[21] (D.E. 1 at ¶ 12, 13, 19).

Dykeman's ability to pursue an investigation. Under this factor, the courts "consider the extent to which prisoners and others suffering confinement may have trouble pursuing their claims."[22] Here, Mr. Dykeman states that due to his confinement he has been unable to conduct proper medical and other discovery.[23] However, nothing in the record indicates that Mr. Dykeman's *pro se* status inhibits him from conducting discovery and reaching his witnesses.[24] Mr. Dykeman has been intimately involved with the events surrounding and leading up to the filing of the complaint; therefore, Mr. Dykeman is presumably capable of undertaking the necessary factual investigation and the third *Tabron* factor weighs against appointment.

   4. The Extent to Which the Case is Likely to Turn on Credibility Determinations

The fourth *Tabron* factor is the extent to which the case is likely to turn on credibility determinations. Mr. Dykeman states that his *pro se* status inhibits him from testifying at trial to "tell the truth to a jury and explain exactly what occurred."[25] Courts have held that *pro se* parties may testify without the assistance of counsel.[26] Further, because the factors overall weigh against appointment, it is unnecessary to further evaluate the potential credibility issues.

   5. Whether the Case will Require Testimony from Expert Witnesses

The fifth *Tabron* factor is whether the case will require testimony from expert witnesses. At this juncture of the case, it is unclear if expert testimony will be required. This case involves constitutional violations against prisoner correctional officers.[27] Mr. Dykeman believes this case may require expert testimony.[28] Given the nature of his allegations, the case appears to depend more on the facts deduced rather than on any expert testimony. Thus, the fifth *Tabron* factor currently weighs against appointment.

---

[22] *Tabron*, 6 F.3d at 156.

[23] (D.E. 42).

[24] *See* (D.E. 36).

[25] (D.E. 42).

[26] *See, e.g., U.S. v. Beckton*, 740 F.3d 303, 305 (4th Cir. 2014) (noting that a *pro se* party may testify using a question-answer format "like all other witnesses"); *U.S. v. Hung Thien Ly*, 646 F.3d 1307, 1312 (11th Cir. 2011) (finding a *pro se* defendant may testify and "does not require an attorney's assistance").

[27] (D.E. 42).

[28] *Id.*

4

### 6. Mr. Dykeman's Capacity to Retain Counsel on His Own Behalf

Finally, the sixth *Tabron* factor is Mr. Dykeman's capacity to retain counsel on his own behalf. The court acknowledges Mr. Dykeman's assertions that he has attempted and failed to procure counsel.[29] However, these facts alone are not enough to justify an order of appointment. Furthermore, Mr. Dykeman's *in forma pauperis* application provides no indication of his inability to afford counsel.[30] Therefore, the sixth *Tabron* factor weighs against appointment.

The Court is, as always, sympathetic to any disadvantages of the parties that come before it. Accordingly, the Court will closely monitor the considerations raised by Mr. Dykeman's Application throughout case management and, as the case moves forward, it may exercise its discretion to appoint counsel *sua sponte* should any of the above discussed considerations change.[31]

As the *Tabron* factors weigh against appointment at this time, the Court will deny Mr. Dykeman's application.

**SO ORDERED.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/22/2017 5:18:02 PM

c (via ECF):
All Counsel

c (via U.S. Mail R.R.R.):

William Dykeman
532687 / 792281C
South Woods State Prison
215 S. Burlington Rd.
Bridgeton, NJ 08302

---

[29] *See* (D.E. 42).

[30] *See* (D.E. 1-3).

[31] *See Tabron*, 6 F.3d at 156; *Christy*, 216 F. Supp. 2d at 406.

5