# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

March 6, 2018

**LETTER ORDER/OPINION**

    Re:    Dykeman v. McGill, et al.
             Civil Action No. 14-cv-5411 (SDW)(SCM)
             D.E. 49, 52

Dear Litigants:

    This matter comes before the Court on *pro se* Plaintiff William Dykeman's ("Mr. Dykeman") motion to compel further responses to written deposition questions from former non-party, now Defendant New Jersey Department of Corrections ("NJDOC"),[1] and his motion to compel further responses to deposition questions from Defendant Officers McGill and Wasik ("Mr. McGill" and "Mr. Wasik").[2] NJDOC submitted a response,[3] as did Mr. McGill and Mr. Wasik.[4]

    "Depositions are the factual battleground where the vast majority of litigation actually takes place."[5] For these reasons, the scope of examination during a deposition is broader than

---

[1] (ECF Docket Entry ("D.E.") 49, Mot. to Compel, Oct. 23, 2017).

[2] (D.E. 52, Mot. to Compel, Oct. 30, 2017).

[3] (D.E. 58, Ltr., Nov. 28, 2017).

[4] (D.E. 60, Ltr., Dec. 1, 2017).

[5] *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 531 (E.D. Pa. 1993).

permitted at trial.[6] Objections to written deposition questions are waived if not timely served.[7] "A party seeking discovery may move for an order compelling an answer…if…a deponent fails to answer a question asked under Rule 30 or 31."[8] "[A]n evasive or incomplete…answer…must be treated as a failure to…answer[.]"[9] "Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence."[10]

Mr. Dykeman seeks to compel responses from NJDOC to three written deposition questions.[11] NJDOC was a non-party when it received and answered these questions. NJDOC objected to one of Mr. Dykeman's questions for breadth and relevance, asked for clarification on another, and said its response would be forthcoming with the third.[12] The motion to compel is therefore moot as to this third request.

Furthermore, the Court notes that having granted Mr. Dykeman's most recent motion to amend,[13] NJDOC is or soon will be a defendant in this matter, and Mr. Dykeman will have the opportunity to serve interrogatories on NJDOC. For these reasons, NJDOC's objections for breadth and relevance to one of the questions at issue here may no longer apply. Mr. Dykeman may therefore ask the same question as part of his interrogatories. NJDOC can then respond as a defendant, and the Court can resolve any disputes that may remain at that point. Finally, if Mr. Dykeman still seeks a response to the question for which NJDOC sought clarification, he should

---

[6] *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499 (6th Cir. 1970).

[7] Fed.R.Civ.P. 32(d)(3)(C).

[8] Fed.R.Civ.P. 37(a)(3)(B)(i).

[9] Fed.R.Civ.P. 37(a)(4).

[10] Fed.R.Civ.P. 32(a)(2).

[11] (D.E. 49, Mot. to Compel, Oct. 23, 2017, 4-5).

[12] (D.E. 58, Ltr., Nov. 28, 2017).

[13] (D.E. 65, Order, Feb. 8, 2018).

clarify the wording of his question and serve it as an interrogatory. For these reasons, the present motion to compel responses from NJDOC is **denied** as moot.

Mr. Dykeman also seeks to compel further responses from Mr. McGill and Mr. Wasik to his requests that they "[s]et forth in detail each and every incident in which a complaint was filed or lodged against you" and "[i]dentify by venue and docket number any other litigations, lawsuits, investigations, or proceedings in which you were either a defendants or subject of investigation, and provide a detailed description of [them]."[14] Mr. McGill and Mr. Wasik both responded that despite having been named in lawsuits brought by inmates during the course of their employment with NJDOC, they were "unable to recall the specifics of said complaints" and, with respect to Mr. Dykeman's latter request, "unable at this time to recall or provide the specifics identified in this question."[15] In their letter opposing Mr. Dykeman's motion, Mr. McGill and Mr. Wasik stated that given their "lengthy tenures with the [NJDOC], neither is able to recall particular information regarding lawsuits that have been brought against them in connection with their positions as corrections officers."[16] They also stated that "reasonable inquiry into materials in their possession provided no information that would enable them to more thoroughly respond[.]"[17]

It would be understandable if Mr. McGill and Mr. Wasik could not recall all the specifics of the various complaints and lawsuits filed against them. However, they have not provided any response to the questions at issue. The Court finds it highly improbable that these officers cannot remember any facts regarding any complaints or lawsuits brought against them, particularly if they have conducted "reasonable inquiry into materials in their possession[.]" The disclaimer of knowledge that both officers have given seems like the prototype of an "evasive" answer.[18] Mr. Dykeman's motion to compel further responses is therefore **granted**. Given the length of their respective tenures, the Court will limit the request to the five years preceding the underlying claims by Mr. Dykeman against Mr. McGill and Mr. Wasik in this case.

---

[14] (D.E. 52, Mot. to Compel, Oct. 30, 2017, 1-2).

[15] (D.E. 52, Mot. to Compel, Oct. 30, 2017, Ex. B-C).

[16] (D.E. 60, Def.'s Ltr., Dec. 1, 2017).

[17] *Id.*

[18] *See supra* n. 9 and accompanying text.

The aspects of Mr. Dykeman's motions that do not seek to compel discovery responses are **denied**. The Clerk of the Court shall provide a copy of this Order to Plaintiff, Mr. Dykeman by U.S. Mail.

**IT IS SO ORDERED.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/6/2018 1:38:07 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
   File

c (via U.S. Mail):

William Dykeman
532687/792261C
New Jersey State Prison
A1-East
P.O. Box 2300
168 Frontage Rd.
Newark, NJ 07114